COMMONWEALTH *vs.* WALTER L. GILBERT.

Plymouth. October 18, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statute Penalty — Trout artificially propagated — Constitutional Law.*

The penalty imposed by Pub. Sts. c. 91, § 53, for selling trout, extends to the sale of trout artificially propagated and maintained, and the statute is constitutional.

INDICTMENT, charging that the defendant, on March 29, 1893, "did have in his possession, and did offer and expose for sale, and did sell, one trout, said trout having been taken in this Commonwealth, and not then and there being alive."

Trial in the Superior Court, before *Sherman*, J., who reported the case for the determination of this court, in substance as follows.

The defendant did, on the day charged, sell one dead trout; but he alleged that the trout was one which had been artificially raised, propagated, and maintained by him, and offered to prove certain facts as to the method of hatching, raising, and maintaining said trout, which also applied to all other trout

owned by him, contending that, if he did prove these facts to the satisfaction of the jury, he was entitled to an acquittal, on the ground that the statute against selling trout between certain dates applied only to wild trout, or trout that are hatched and grow in a state of nature, without artificial aid in propagating and maintaining them.

He also offered to prove that trout will not inhabit water of a higher temperature than sixty-five degrees Fahrenheit; that there are no trout waters in this Commonwealth open to the public except by consent of riparian owners, and that there is no great pond in this Commonwealth, in which the public have any fishery rights, which brook trout can inhabit, and that all waters which brook trout inhabit are owned by private persons or corporations.

The government did not contest the truth of the facts offered to be proved, but contended that such evidence would furnish no defence against the indictment, and was inadmissible for that purpose. The judge so ruled, and excluded the evidence.

The defendant also asked the judge to rule that the statutes of this Commonwealth provide no penalty against a person for having in his possession and offering and exposing for sale and selling dead brook trout artificially cultivated, propagated, and maintained by him in this Commonwealth; and that if the statutes of this Commonwealth impose any penalty upon the defendant for having in his possession and offering and exposing for sale and selling dead brook trout which were kept and confined in artificial ponds upon his own premises, and which were artificially cultivated, propagated, and maintained in the manner the defendant offered to prove that his were confined, cultivated, propagated, and maintained, then the statute, so far as it applies or relates to such trout, is unconstitutional.

The judge refused to give the rulings as requested. The defendant submitted to having a verdict of guilty returned against him. If there was error in the ruling, the verdict was to be set aside; otherwise it was to stand.

*T. E. Grover*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

ALLEN, J. There are two questions in this case, namely, whether the defendant's act was within the true meaning of the

statute forbidding the sale of trout; and, if so, whether the statute is constitutional.

1. The defendant contends that the penalty imposed by Pub. Sts. c. 91, § 53, for selling trout, does not extend to the sale of trout which have been artificially propagated and maintained. Whatever force this contention might have if § 53 stood alone, a reference to other sections of the same chapter, and to the history of this legislation, makes it clear that such trout are not exempted. The chapter contains many provisions for the protection of trout and other useful fishes, and amongst them are those for the encouragement of their artificial propagation and maintenance. No question is made that § 53 is applicable to all other protected trout, except such as have been artificially propagated or maintained; as, for example, to trout found in such small or great ponds and such streams as are specially protected by the provisions of §§ 10, 12, 14, 23, 24, and 27. By § 26 it is provided that "fishes artificially propagated or maintained shall be the property of the person propagating or maintaining them; and a person legally engaged in their culture and maintenance may take them in his own waters at pleasure, and may have them in his possession for purposes properly connected with said culture and maintenance, and may at all times sell them for these purposes, but shall not sell them for food at seasons when their capture is prohibited by law." A close season for trout was fixed by § 51, which has since been changed by St. 1884, c. 171. Section 53 by its terms imposes a penalty upon every person who " sells or offers or exposes for sale or has in his possession a trout," except alive, during the close season. Statutes have long existed restricting the modes of taking trout; but the first provision making their sale punishable is found in St. 1869, c. 384, § 28. This, after modifications in St. 1874, c. 186, and St. 1876, c. 221, § 1, was re-enacted in Pub. Sts. c. 91, § 53. The object of all these statutes was to protect and preserve the trout. The same statute which first forbade their sale also contained the provisions upon which the present statute is founded, to encourage their artificial propagation and maintenance. In order to make the protection of the trout more effectual, it was deemed necessary by the Legislature to punish the sale, during the close season, of all trout except those which are alive. This was prob-

ably on account of the difficulty in distinguishing between trout which had been artificially propagated or maintained, and other trout. On the construction contended for by the defendant, the law could not be so well enforced. In view of the provisions of § 26, it seems to us plain that the penalty imposed by § 53 extends to artificially propagated trout.

2. Nor have we any doubt that the statute is constitutional. The importance of preserving from extinction or undue depletion the trout and other useful fishes in the waters of the Commonwealth has been recognized and illustrated in many familiar statutes and decisions from an early time. Such protection has always been deemed to be for "the good and welfare of this Commonwealth," and the Legislature may pass reasonable laws to promote it. Such laws are not to be held unreasonable because owners of property may thereby to some extent be restricted in its use. It has often been declared that all property is acquired and held under the tacit condition that it shall not be so used as to destroy or greatly impair the public rights and interests of the community. Many illustrations might be cited where such restrictions on the use of property have been held valid. But the cases are familiar. The limitation is, that the restrictions must not be unreasonable. The Legislature may "make, ordain, and establish all manner of wholesome and reasonable orders, laws, statutes, and ordinances, directions and instructions, either with penalties or without, so as the same be not repugnant or contrary to this Constitution, as they shall judge to be for the good and welfare of this Commonwealth." Const. Mass. c. 1, § 1, art. 4. The Legislature may forbid the catching or selling of useful fishes during reasonable close seasons established for them; and to extend the prohibition so as to include such as have been artificially propagated or maintained is not different in principle from legislation forbidding persons from catching fish in streams running through their own lands. The statute under consideration falls within this power. *Commonwealth* v. *Look*, 108 Mass. 452. *Commonwealth* v. *Alger*, 7 Cush. 53, 84, 85. *Commonwealth* v. *Tewksbury*, 11 Met. 55, 57. *Cole* v. *Eastham*, 133 Mass. 65. *Rideout* v. *Knox*, 148 Mass. 368. *Blair* v. *Forehand*, 100 Mass. 136. *Phelps* v. *Racey*, 60 N. Y. 10.

*Verdict to stand.*